UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IRINA GALANOVA,

                Plaintiff,

      - against-

VLAD PORTNOY, THE BEINHAKER
LAW FIRM LLC, KRYSTA L. BERQUIST,
STEVEN BANKS, as Commissioner of the
Department of Social Security of the City of
New York, JPMORGAN CHASE BANK,
N.A.,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-3179 & 18-CV-3212 (PKC)(RLM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Irina Galanova, proceeding *pro se*, brings this action, pursuant to 42 U.S.C. §§ 1981, 1982, 1985, and 1986, the Americans with Disabilities Act ("ADA"), the Due Process Clause of the Fourteenth Amendment, and New York state law, against Defendants, in connection with a state court judgment appointing a Guardian of Property for her husband, Peter Gitzis. For the reasons stated herein, Defendants' motions to dismiss are granted.

## BACKGROUND

**I.    Relevant Facts**[1]

On February 20, 2013, Robert Doar, the then-Commissioner of Social Services of the City of New York commenced a state court guardianship proceeding (the "Petition"), pursuant to Article 81 of the New York Mental Hygiene Law, seeking to appoint the Jewish Association for Services for the Aged ("JASA") as Mr. Gitzis's personal and property guardian. (*Galanova v.*

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the court must assume as true the allegations in the complaint. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306–07 (2d Cir. 2015).

*Portnoy et al.* ("*Galanova II*"), Complaint ("Compl."), 18-CV-3212 (PKC)(RLM), Dkt. 1, at ¶ 10.) According to Plaintiff, the Petition failed to include a written notice of eligibility (the "Notice"), a notice of the fee requirements, an application for social services, and an authorization for services. (*Id.* at ¶¶ 11-13.) On September 12, 2016, Plaintiff requested a Fair Hearing[2] "to affirm . . . that Gitzis never received a notice of eligibility determination or a notice of fee requirements and [to] determine if Gitzis was eligible for Adult Protective Services." (*Id.* at ¶ 14; *see also id.* at ¶¶ 24-26.) At the Fair Hearing on March 9, 2017, non-party Patricia Comblo, at attorney from the New York City Human Resources Administration ("HRA")'s Office of Legal Affairs, presented a copy of a signed notice of eligibility, dated May 28, 2012. (*Id.* at ¶ 15; *Galanova v. Roberts et al.* ("*Galanova I*"), 17-CV-3179 (PKC)(RLM), Dkt. 58-1.)[3]

Plaintiff alleges that the Notice was fraudulent for the following seven reasons: (1) it listed the incorrect address for the JASA Borough Director; (2) it failed to include information concerning the type of service to be provided, any required fee for services, and the duration of service planned; (3) it stated that the "[e]ffective date of eligibility for protective services is 5/28/12 and protective services will continue until further notice", whereas 18 N.Y.C.R.R. §404.1(d)(2)(i)

---

[2] "A Fair Hearing is a chance for you to tell an Administrative Law Judge from the New York State Office of Temporary and Disability Assistance, Office of Administrative Hearings, why you think a decision about your case made by a local social services agency is wrong. The Office of Temporary and Disability Assistance will then issue a written decision which will state whether the local agency's decision was right or wrong. The written decision may order the local agency to correct your case." New York State Office of Temporary and Disability Assistance, "Fair Hearings," https://otda.ny.gov/hearings/ (last visited August 10, 2018).

[3] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

requires that "[p]rogrammatic eligibility must be redetermined periodically but not less frequently than every 12 months"; (4) it referred to the husband of Gitzis's prior power of attorney by the wrong sex; (5) it was signed by Kurlene Smith (Gitzis's JASA caseworker) and Michael Maffai (a JASA supervisor), but Smith's first name was misspelled; (6) Smith's and Maffai's signatures "were not consistent with their known signatures on documents provided by HRA in the guardianship proceeding" and were not authenticated by a witness; and (7) no witness affirmed that Gitzis received the Notice or that it was mailed to Gitzis. (*Id.* at ¶¶ 15-18.)

Plaintiff also alleges that Defendant Krystal Berquist, an attorney for the Department of Social Services, asserted "material facts that are not true" in her written trial summation to the Court in connection with the Article 81 guardianship proceeding. (*Id.* at ¶¶ 19-23.) Plaintiff argues that "Defendant Berquist is guilty of intentional fraud, deceit and collusion." (*Id.* at ¶ 23.)

On October 12, 2017, Justice Loren Baily-Schiffman of the New York Civil Court of Kings County found that Gitzis required a Guardian of Property and appointed Defendant Vlad Portnoy, Esq. (*Id.* at ¶ 28.) Portnoy was given authority over "all of [Gitzis's] property . . ., both real and personal," including, *inter alia*, Gitzis's bank accounts at the Bank of New York, J.P. Morgan Chase Bank ("Chase"), TD Bank, and Bank of America, as well as his properties located at 180 MacKenzie Street, Brooklyn, NY 11235, 210 174th Street, Unit 1806, Sunny Isles Beach, Florida 33160, and apartments 6D, 7D, 7K, and 11M located at 40 Brighton First Road, Brooklyn, New York 11235. (*Galanova I,* Dkt. 51-1, at 4-5.)[4] However, Plaintiff argues that "[t]he Supreme Court of the State of New York, County of Kings lacked the jurisdiction on the bases that Gitzis was not eligible for any adult protective services and not in receipt of [the Notice] at the time a

---

[4] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

3

guardianship petition was filed." (Compl., at ¶ 27.) Therefore, according to Plaintiff, "[i]t is undisputed that the Judgment and Order appointing Vlad Portnoy, Esq. as the guardian of property of Mr. Gitzis was obtained by fraud, conspiracy and by misrepresentation of material facts." (*Id.* at ¶ 29.)

On March 13, 2018, Defendant Portnoy opened a guardianship account at Chase. (*Id.* at ¶ 32.) On April 24, 2018, Portnoy allegedly placed a hold on Plaintiff's checking account at Chase and, on May 10, 2018, placed a stop payment on two checks to pay maintenance bills for two of Gitzis's properties. According to Plaintiff, Portnoy subsequently closed Plaintiff's checking account of which she was the primary owner and Gitzis was the secondary owner. (*Id.* at ¶¶ 33-35.) On May 15, 2018, Portnoy allegedly closed two other Chase accounts[5] and transferred the assets to his guardianship account. (*Id.* at ¶ 36.)

On June 6, 2018, Justice Baily-Schiffman issued an order allowing Defendant Portnoy to, *inter alia*:

1. Sell the properties belonging to Peter Gitzis located at 180 MacKenzie Street, Brooklyn, NY 11235 and 210 174th Street, Unit 1806, Sunny Isles Beach, Florida 33160;

2. File a notice of pendency regarding apartments 6D, 7D, 7K, and 11M located at 40 Brighton First Road, Brooklyn, New York 11235;

3. Lease apartment 11M at 40 Brighton First Road; and

4. Marshal all assets of Peter Gitzis.

(*Id.* at ¶ 30; *Galanova I*, Dkt. 47, at 4-6.)

Plaintiff claims ten million dollars in damages and asks the Court to terminate Defendant Portnoy's property guardianship over Gitzis. (Compl., at ¶ 53; Wherefore Clause, at ¶ 2.)

---

[5] The complaint does not state to whom the accounts belonged.

## II. Procedural History

Plaintiff filed the instant action on June 1, 2018. (*Galanova II*, Dkt 1.) On June 6, 2018, the Court consolidated *Galanova I* and *Galanova II*. On June 25, 2018, Plaintiff filed a motion for preliminary injunction asking the Court to place a hold on Defendant Portnoy's guardianship bank account and to enjoin Portnoy from selling the properties located at 180 MacKenzie Street and the Florida property. (Dkt. 47.) On June 28, 2018, the Court denied Plaintiff's motion, *sua sponte* dismissed Defendants Portnoy and The Beinhaker Law Firm from the case based on immunity, and *sua sponte* dismissed, for lack of standing, the portions of Plaintiff's complaint that ask the Court to terminate Gitzis's property guardianship. (*See* 06/28/18 docket entry.)

On June 26, 2018, Defendants filed pre-motion conference letters in anticipation of their respective motions to dismiss. (Dkts. 49, 51.) Defendant Chase Bank also requested permission to file a motion pursuant to Federal Rule of Civil Procedure 67. (Dkt. 49.) On June 28, 2018, the Court stated that it would construe the remaining Defendants' pre-motion conference letters as motions to dismiss. Plaintiff filed a letter opposing the Court's June 28, 2018 order on July 2, 2018, but did not otherwise address the substance of Defendants' motions. (Dkt. 57.) On July 16, 2018, at a hearing in *Galanova I*, Plaintiff requested additional time to respond to Defendants' motions in *Galanova II*. The Court set a deadline of July 31, 2018 for Plaintiff's response. (07/16/18 minute entry.) No opposition was filed. Defendants' motions were fully briefed on August 7, 2018. (Dkt. 74.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

### A. 42 U.S.C. §§ 1981 and 1982, 1985, and 1986 Claims

Plaintiff Galanova's claims pursuant to 42 U.S.C. §§ 1981 and 1982 fail as a matter of law because she does not allege that Defendants' actions were racially motivated. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting *United Bhd. of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 829 (1983)); *see Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) ("While § 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning."); *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) ("Section 1981 prohibits discrimination based on race in the making and enforcement of contracts[.]").

Plaintiff's section 1985 claim also fails as a matter of law. Although "in this circuit, discrimination based upon a plaintiff's mental disability is sufficient to state a claim under Section 1985", *Medvey v. Oxford Health Plans*, 313 F. Supp. 2d 94, 100 (D. Conn. 2004), Plaintiff does not allege that *she* is being discriminated against based on a disability. As the Court has repeatedly told Plaintiff, she may not litigate on behalf of her husband. (*See* 05/24/18 docket entry; 06/28/18 docket entry); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of . . . incompetent[] [persons] that they be represented by non-attorneys."). In light of the dismissal of Plaintiff's section 1985 claim, Plaintiff's section 1986 claim is also dismissed because "a § 1986 claim must be predicated upon a valid § 1985 claim." *Mian*, 7 F.3d at 1088; *see also Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir.), *cert. denied,* 436 U.S. 906 (1978).

**B. ADA Claim**

Plaintiff alleges that Defendants violated her rights under the ADA by retaliating against her for "facilitating Plaintiff Gitzis to enforce his right not to accept Adult Protective Services including but not limited to the frivolous Article 81 Guardianship proceeding[.]" (*Id.* at ¶ 86.) To establish a claim for retaliation under the ADA, Galanova must show that "(1) [s]he engaged in an activity protected by the ADA; (2) [Defendants were] aware of this activity; (3) [Defendants] took adverse . . . action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Plaintiff has not put forth any facts to demonstrate that an adverse action was taken against her by

Defendants because of her participation in Gitzis's guardianship proceedings.[6] Therefore, this claim is dismissed.

C. Due Process Claim

The Court construes Plaintiff's due process claim to argue that Defendants illegally deprived her of property pursuant to 42 U.S.C. § 1983 when they closed her checking account. (Compl., at ¶¶ 33, 38.) Because only Defendant Portnoy (who has been dismissed from this action) is alleged to have participated in the closing of Plaintiff's checking account (*id*), Plaintiff's claim against the remaining Defendants is dismissed.[7]

D. Supplemental Jurisdiction

Having dismissed Plaintiff Galanova's federal claims, the Court declines to exercise supplemental jurisdiction over her claims arising under New York law. Where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In

---

[6] Even if Defendant Portnoy remained a defendant in this action and the Court construed Portnoy's closing of Plaintiff's bank account as an adverse action, her ADA retaliation claim still fails. Plaintiff has not alleged that the underlying guardianship proceeding qualifies as an ADA proceeding, one that could provide the foundation of a retaliation claim. 42 U.S.C. § 12203(a); (*see also* 10/13/17 minute entry.)

[7] Even if Defendant Portnoy remained a defendant in this action, a due process claim against him would be dismissed as a matter of law. *See Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999) ("It has been held that guardians *ad litem*, although appointed by the court, exercise independent professional judgment in the interests of the clients they represent and are therefore not state actors for purposes of Section 1983."); *Sasscer v. Barrios-Paoli*, No. 05-CV-2196 (RMB)(DCF), 2008 WL 5215466, at *5 (S.D.N.Y. Dec. 8, 2008) (same). Furthermore, "[c]laims of mismanagement, for an accounting, and the like, against the conservator should be pursued in state court and are not the proper subject of § 1983 liability." *Cok v. Cosentino*, 876 F.2d 1, 3-4 (1st Cir. 1989).

general, where the federal claims are dismissed before trial the state claims should be dismissed as well."). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff Galanova's state law claims, and dismisses them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).[8]

## CONCLUSION

For the reasons stated, Defendants' motions to dismiss are granted as to Plaintiff Galanova's federal claims, which are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff Galanova's state-law claims, which are dismissed without prejudice to being refiled in state court. The Clerk of Court is respectfully requested to enter judgment in *Galanova v. Portnoy et al.*, 18-CV-3212 (PKC)(RLM). The case remains closed.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 10, 2018
      Brooklyn, New York

---

[8] Even if the Court exercised supplemental jurisdiction over Plaintiff's New York Judiciary Law § 487 claim, it would fail as a matter of law. "If an allegedly injured party is aware that a lawyer is violating § 487 at the time the violation occurs, the victim's exclusive remedy is to bring an action in the course of that same proceeding." *Seldon v. Bernstein*, No. 09-CV-6163 (AKH), 2010 WL 3632482, at *2 (S.D.N.Y. Sept. 16, 2010), *aff'd*, 503 F. App'x 32 (2d Cir. 2012). At the time that Defendant Berquist's filed her trial summation on July 8, 2016, Plaintiff knew that it contained statements were allegedly false. Plaintiff, therefore, had to bring any New York State Judiciary Law § 487 claim then. Plaintiff having failed to do so, any such claim is "now extinguished." *Id.*