UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IRINA GALANOVA,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                17-CV-3179(PKC)(RLM)

       - against-

SAMUEL D. ROBERTS, Commissioner of
the New York State Office of Temporary and
Disability Assistance, PATRICA M.
COMBLO, SHARON M. SALMON,
STEVEN BANKS, as Commissioner of the
Department of Social Services of the City of
New York,

                Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiffs Irina Galanova and Peter Gitzis, proceeding *pro se*, bring this action, pursuant to 42 U.S.C. §§ 1981, 1982, 1985, and 1986, the Americans with Disabilities Act ("ADA"), the Due Process Clause of the Fourteenth Amendment, and New York state law, against Defendants, in connection with a state court judgment appointing a Guardian of Property for Plaintiff Gitzis. For the reasons stated herein, Defendants' motions to dismiss are granted as to Plaintiff Galanova.[1]

---

[1] On July 16, 2018, the Court found that Gitzis was incompetent pursuant to Federal Rule of Civil Procedure 17(c) and appointed a guardian *ad litem* to represent Gitzis in this case. The Court defers ruling on Defendants' motions to dismiss as to Gitzis until he has had an opportunity to confer with his guardian *ad litem*.

## BACKGROUND

I. **Relevant Facts**[2]

In January 2012, Gitzis suffered a stroke and, as a result, "developed receptive and expressive language deficiencies." (Second Amended Complaint ("Compl."), Dkt. 20, at ¶ 10.) On February 29, 2012, he was referred to Adult Protective Services ("APS") by a social worker because of concerns that he was being financially exploited. (*Id.* at ¶¶ 12, 66.) On March 8, 2012, Galanova became Gitzis's power of attorney and, a few days later, became Gitzis's health care proxy. (*Id.*) On February 20, 2013, Robert Doar, the then-Commissioner of Social Services of the City of New York initiated a state court guardianship proceeding (the "Petition"), pursuant to Article 81 of the New York Mental Hygiene Law, seeking to appoint the Jewish Association for Services for the Aged ("JASA") as Mr. Gitzis's personal and property guardian. (*Id.*) The Petition stated, *inter alia*, "PETER GITZIS is mentally impaired; (b) PETER GITZIS is at risk and is unable to protect his interests; and (c) PETER GITZIS has no one available who is willing and able to assist him responsibly." (*Id.*) On January 16, 2014, Galanova's power of attorney was suspended pending the outcome of the guardianship proceeding. (*Id.* at ¶ 53.) On February 10, 2014, Gitzis and Galanova got married. (Dkt. 60-1.) Despite the suspension of her power of attorney, Galanova attempted to represent Gitzis multiple times in various hearings during the pendency of the guardianship proceeding. (*See* Compl. at ¶¶ 17, 29-30, 34-48, 50.) On October 12, 2017, Justice Loren Baily-Schiffman of the New York Civil Court of Kings County found that Gitzis required a Guardian of Property and appointed non-party Vlad Portnoy, Esq. (*Id.* at ¶¶ 65-67.)

---

[2] In deciding a motion to dismiss under Rule 12(b)(6), the court must assume as true the allegations in the complaint. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306–07 (2d Cir. 2015).

In this case, Galanova alleges that Defendant Patricia M. Comblo, an attorney at the New York City Human Resources Administration ("HRA")'s Office of Legal Affairs, provided fraudulent documentation in connection with one of the guardianship proceedings (*id*. at ¶¶ 19-21) and that Defendant Sharon M. Salmon, also an attorney at the HRA, failed to provide all of the required documentation in connection with another (*id*. at ¶¶ 44-45). Galanova argues that Defendants are guilty of "intentional fraud, deceit and collusion" (*id.* at ¶ 45), and seeks compensatory damages.

II. **Procedural History**

Plaintiffs filed the initial complaint in this action on May 25, 2017 (Dkt. 1) and the Second Amended Complaint on January 10, 2018 (Dkt. 20). Defendants' motions to dismiss were fully briefed on March 2, 2018. (Dkts. 25, 27.)[3]

**STANDARD OF REVIEW**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a

---

[3] On June 1, 2018, Galanova filed another action, based on identical facts, against different defendants, including the property guardian. (*Galanova v. Portnoy et al*., 18-CV-3212 (PKC)(RLM).) The Court consolidated the two cases on June 6, 2018.

3

plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff Galanova brings her claims pursuant to 42 U.S.C. §§ 1981, 1982, 1985, and 1986, the Americans with Disabilities Act ("ADA"), the Due Process Clause of the Fourteenth Amendment, and New York state law. Defendants move to dismiss as to all claims.

### A. 42 U.S.C. §§ 1981 and 1982, 1985, and 1986 Claims

Plaintiff Galanova's claims pursuant to 42 U.S.C. §§ 1981 and 1982 fail as a matter of law because she does not allege that Defendants' actions were racially motivated. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting *United Bhd. of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 829 (1983)); *see Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) ("While § 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning."); *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) ("Section 1981 prohibits discrimination based on race in the making and enforcement of contracts[.]").

Plaintiff's section 1985 claim also fails as a matter of law. Although "in this circuit, discrimination based upon a plaintiff's mental disability is sufficient to state a claim under Section

4

1985", *Medvey v. Oxford Health Plans*, 313 F. Supp. 2d 94, 100 (D. Conn. 2004), Plaintiff does not allege that *she* is being discriminated against based on a disability. As the Court has repeatedly told Plaintiff, she may not litigate on behalf of her husband. (*See* May 24, 2018 docket entry; June 28, 2018 docket entry); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of . . . incompetent[] [persons] that they be represented by non-attorneys."). In light of the dismissal of Plaintiff's section 1985 claim, Plaintiff's section 1986 claim is also dismissed because "a § 1986 claim must be predicated upon a valid § 1985 claim." *Mian*, 7 F.3d at 1088; *see also Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir.), *cert. denied,* 436 U.S. 906 (1978).

   **B. Due Process Claim**

The Second Amended Complaint, liberally construed, alleges that Gitzis's due process rights were violated because he was involuntarily appointed an Article 81 guardian. (Compl., at ¶¶ 28, 32.) As stated above, Plaintiff may not litigate on behalf of her husband; therefore, this claim is dismissed.

   **C. ADA Claim**

Plaintiff alleges that Defendants violated her rights under the ADA by retaliating against her for "facilitating Plaintiff Gitzis to enforce his right not to accept Adult Protective Services including but not limited to the frivolous Article 81 Guardianship proceeding[.]" (*Id.* at ¶ 86.) To establish a claim for retaliation under the ADA, Galanova must show that "(1) [s]he engaged in an activity protected by the ADA; (2) [Defendants were] aware of this activity; (3) [Defendants] took adverse . . . action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Plaintiff has not put forth any facts to demonstrate that an adverse action was taken against her

because of her participation in Gitzis's guardianship proceedings. Therefore, this claim is dismissed.

### D. Supplemental Jurisdiction

Having dismissed Plaintiff Galanova's federal claims, the Court declines to exercise supplemental jurisdiction over her claims arising under New York law. Where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff Galanova's state law claims, and dismisses them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons stated, Defendants' motions to dismiss are granted as to Plaintiff Galanova's federal claims, which are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff Galanova's state-law claims, which are dismissed without prejudice to being refiled in state court. The Court reserves ruling on Defendants' motion to dismiss as to Plaintiff Gitzis. The Clerk of Court is respectfully requested to enter judgment as to Plaintiff Galanova only and terminate Plaintiff Galanova from this action.

SO ORDERED.

/s/*Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
August 10, 2018